**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE, )
)
v. ) ID No. 1208023790
)
RYAN A. RICHMOND, )
)
Defendant. )

**ORDER**

On this 9th day of October, 2025, upon consideration of Defendant Ryan Richmond's ("Defendant") *pro se* Motion to Modify Sentence (the "Motion") made pursuant to Superior Court Rule of Criminal Procedure ("Rule") 35(b), the sentence imposed upon Defendant, and the record in this case, it appears to the Court that:

1. On May 15, 2014, Defendant pleaded guilty to manslaughter and first-degree assault.[1] On October 10, 2014, the court sentenced Defendant to 25 years at supervision Level V, suspended after six years at Level V for one year at Level III.[2]

2. On July 15, 2025, Defendant filed the Motion, in which he asks the Court to be released from the remainder of his conditional release time.[3] In support of the Motion, Defendant asserts that (1) he has made this request to his probation officer, (2) he has maintained full-time employment since his release from prison,

---

[1] D.I. No. 54
[2] D.I. No. 58.
[3] D.I. No. 98.

(3) he has sought higher education and obtained an HVAC technician certification, and (4) he has complied with the terms of his probation.[4]

3.     When considering a motion made pursuant to Rule 35(b), the Court will first address any procedural bars.[5]  The Motion seeks to modify the terms of probation, so it is not subject to the 90-day limitation that applies to a motion for reduction of imprisonment sentence.[6]  However, Rule 35(b) mandates that the Court will not consider repetitive requests for sentence reduction.[7]  A Rule 35(b) motion is considered repetitive even if the later motion raises new arguments.[8]

4.     Before filing the instant Motion, Defendant filed at least eight motions pursuant to Rule 35(b).[9]

---

[4] *Id.*
[5] *State v. Redden*, 111 A.3d 602, 606 (Del. Super. 2015).
[6] *State v. Harmon*, 2023 WL 7599111, at *1 (Del. Super. Nov. 14, 2023) (quoting *State v. Bailey*, 2017 WL 8787504, at *1 (Del. Super. Oct. 3, 2017)).
[7] Super. Ct. Crim. R. 35(b).
[8] *State v. Culp*, 152 A.3d 141, 144 (Del. 2016).
[9] List: motion dated November 12, 2014 (D.I. No. 59), denied December 11, 2014 (D.I. No. 63); motion dated November 24, 2014 (D.I. No. 61), denied December 11, 2014 (D.I. No. 63); motion dated May 4, 2015 (D.I. No. 65), denied June 10, 2015 (D.I. No. 66); motion dated June 29, 2015 (D.I. No. 68), denied July 16, 2015 (D.I. No. 69); motion dated May 11, 2016 (D.I. No. 73), denied June 1, 2016 (D.I. No. 74); motion filed July 2, 2020 (D.I. No. 79), denied August 6, 2020 (D.I. No. 80); motion filed October 13, 2021 (D.I. No. 82), denied November 19, 2021 (D.I. No. 83); and motion filed September 1, 2022 (D.I. No. 90), denied November 29, 2022 (D.I. No. 92).

5.      Pursuant to Rule 35(b), Defendant's Motion is repetitive and cannot be considered by the Court.  Hence, Defendant's Motion is **DENIED.**

**IT IS SO ORDERED.**

_____
Sheldon K. Rennie, Judge

Original to Prothonotary

Cc: Ryan Richmond (SBI#00610577)